UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILLIAM SCOTT ROBERTS,<br><br>                Plaintiff,<br>v.<br>WILLIAM BROGAN, et al.,<br><br>                Defendants. | Case No. 2:17-cv-00865-APG-PAL<br><br>**ORDER**<br><br>(IFP App. – ECF No. 1) |

This matter is before the court on Plaintiff William Scott Roberts' Application to Proceed *In Forma Pauperis* (ECF No. 1). This Application is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

Plaintiff is a prisoner in custody at the Mule Creek State Prison in California. He is proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. He has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* ("IFP"), meaning without prepaying the filing fees, and submitted a proposed complaint.

Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $400 filing fee is required to commence a civil action in a federal district court. The court may authorize a prisoner to begin an action without prepaying fees and costs if the prisoner submits an IFP application on the court's form along with the appropriate supporting documentation. *See* 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.[1] In general, when a district court grants a prisoner IFP status, federal law states that "the prisoner shall be required to pay the full amount of the filing fee." 28 U.S.C. § 1915(b)(1). Prisoners must pay an initial partial filing fee of the greater of twenty percent

---

[1] The $400 filing fee consists of a $350 base fee and a $50 administrative fee. Pursuant to the court's Schedule of Fees, the $50 administrative fee does not apply to prisoners granted IFP status under 28 U.S.C. § 1915. Thus, prisoners granted IFP status are only required to pay the $350 base fee.

(20%) of the average monthly deposits or twenty percent (20%) of the average monthly balance of his account for the six months immediately preceding the start of this action. 28 U.S.C. § 1915(b)(1). After the initial partial filing fee is paid, the facility having custody of the prisoner will forward payments from the prisoner's account each month. 28 U.S.C. § 1915(b)(2). Plaintiff is therefore advised that even if this action is dismissed, he must still pay the full filing fee pursuant to § 1915(b) and the monthly payments from his inmate account will continue until the balance is paid. *See Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1051–52 (9th Cir. 2016); *Andrews v. Cervantes*, 493 F.3d 1047, 1051–52 (9th Cir. 2007).

LSR 1-2 and § 1915 specifically require three items be submitted to this court with a prisoner's IFP application: (1) a financial certificate signed by an authorized officer of the institution in which he or she is incarcerated, (2) a copy of his or her inmate trust account statement for the six-month period prior to filing, and (3) a signed affidavit showing an inability to prepay fees and costs or give security for them. Additionally, LSR 1-1 states that a prisoner's IFP "application shall be made on the form provided by the court." *Id*. The District of Nevada has adopted two types of IFP applications, one for prisoners and a "Short Form" for non-incarcerated persons. The prisoner IFP application required in the District of Nevada differs from the application used in state courts or different federal district courts. For example, the financial affidavit and acknowledgement used by this court includes more information than the state court's affidavit and affirmation. Prisoners must submit the correct form for this court's review.

Because Plaintiff used the incorrect form, his IFP Application does not contain the appropriate financial information and affidavit for incarcerated litigants or financial certificate as required by § 1915(a) and LSR 1-2. Although Plaintiff may qualify to proceed IFP, the court cannot determine the amount of the initial partial filing fee because he has not submitted the correct application and financial certificate. Therefore, the court will deny Plaintiff's Application to Proceed *In Forma Pauperis* without prejudice.

If Plaintiff wants to file his complaint, he must prepay the filing fee or submit an IFP application along with the documents identified above on or before February 9, 2018. However, Plaintiff is advised that even if he does, the court must still screen his complaint to determine if it

states a valid claim for relief. *See* 28 U.S.C. § 1915A ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a governmental entity").

Plaintiff's complaint attempts to state a claim against Defendants William Brogan and Darci M. Poloni for violating his due process rights under the Fifth and Fourteenth Amendments. 42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). To bring a claim under § 1983, a plaintiff must allege: (1) his civil rights were violated; (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 49–50 (1988). Private parties who are not affiliated with a state or municipal government generally do not act under color of state law. *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011). State action may be found only if "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 955 (9th Cir. 2008) (en banc) (internal citation and quotation omitted). A plaintiff bears the burden of alleging state action. *Florer*, 639 F.3d at 922. Dismissal is appropriate where a complaint is devoid of allegations regarding state action. *Villegas*, 541 F.3d at 954–57. Plaintiff is advised that his complaint must allege a civil rights violation *by a state actor* in order to state a colorable civil rights claim.

It appears Mr. Roberts is attempting to sue his brother, and an attorney for matters arising out of his deceased mother's will and her estate. He alleges the defendants committed fraud and denied him the right to contest his mother's will in violation of his due process rights under the U.S. Constitution. However, it does not appear that Roberts can plead or prove that his brother and the attorney who prepared his mother's will and handled matters relating to her will and estate were state actors for purposes of filing a federal civil rights complaint against them. Although the court will give Roberts an opportunity to file the appropriate ifp application, and amended complaint if he wishes, he should carefully consider whether he can state a federal claim. As the

court has informed him, if the complaint is dismissed he will owe the filing fee which will be collected from available funds in his inmate account as authorized by law.

If Plaintiff chooses to file an amended complaint, he is also informed that the court cannot refer to a prior pleading (*i.e.*, the original complaint) in order to make the amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. *See* LR 15-1(a). This is because an amended complaint supersedes the original complaint. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Once a plaintiff files an amended complaint, the original pleading no longer serves any function in the case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff William Scott Roberts' Application to Proceed *In Forma Pauperis* (ECF No. 1) is DENIED WITHOUT PREJUDICE.
2. The Clerk of Court shall RETAIN the Complaint (ECF No. 1-1), and shall mail Plaintiff a blank IFP application for incarcerated litigants and blank form complaint for § 1983 civil rights.
3. If Plaintiff decides to move forward with the case, he shall submit a new IFP application, accompanied by a signed and executed financial certificate, a signed and executed financial affidavit, and a statement of his inmate trust account on or before **February 9, 2018**.
4. Alternatively, Plaintiff shall pay the $400 filing fee on or before **February 9, 2018**.

///
///
///
///
///

5. Plaintiff's failure to comply with this Order by: (a) submitting a new IFP application, or (b) paying the filing fee, before the **February 9, 2018** deadline will result in a recommendation to the district judge that this case be dismissed.

Dated this 10th day of January, 2018.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE